[Cite as *State v. Webster*, 2022-Ohio-688.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :

                             No. 110312

    v.                            :

JOSHUA WEBSTER, JR.,              :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-644656-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Callista Plemel, Assistant Prosecuting Attorney, *for appellee*.

Law Office of John T. Forristal and John T. Forristal, *for appellant*.

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Joshua Webster ("Webster") appeals from his conviction following his guilty plea to felonious assault. For the reasons that follow, we affirm.

**PROCEDURAL AND FACTUAL BACKGROUND**

{¶ 2} On October 8, 2019, Webster was indicted by a Cuyahoga County Grand Jury on two counts of felonious assault. Count 1 alleged a violation of R.C. 2903.11(A)(1) and Count 2 alleged a violation of R.C. 2903.11(A)(2), with both having occurred October 1, 2019. Both counts were second-degree felonies, and each included a notice of prior conviction specification and a repeat violent offender specification. On January 14, 2020, Webster pled guilty to an amended Count 2, with the two specifications deleted. Count 1 was dismissed. At that time, Webster was informed that pursuant to R.C. 2901.011, also known as the Reagan Tokes Law, his conviction would require the court to give Webster an indefinite sentence that would consist of a minimum term and a maximum term. Webster was also informed that he would have to register as a violent offender.

{¶ 3} On February 20, 2020, the court sentenced Webster to an indefinite prison term with six years as the minimum term and nine years as the maximum. Webster's counsel objected to his sentence under the Reagan Tokes Law. Webster filed a pro se delayed appeal on February 23, 2021, which this court granted and appointed appellate counsel.

**LAW AND ARGUMENT**

{¶ 4} Webster's sole assignment of error asserts that his indefinite sentence under the Reagan Tokes Law is unconstitutional because it violates his right to a trial by jury as protected by Article I, Section 5, of the Ohio Constitution, and the Sixth Amendment of the United States Constitution. He also argues that the law violates the separation-of-powers doctrine and his due process rights under Article I, Section 16, of the Ohio Constitution, and the Fourteenth Amendment of the United States Constitution.

{¶ 5} Webster's arguments are overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, which overruled the challenges presented in this appeal to the Reagan Tokes Law enacted through S.B. 201. Therefore, we find that Webster's sentence pursuant to Reagan Tokes was not a violation of his constitutional rights. Webster's sole assignment of error is overruled.

{¶ 6} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EMANUELLA D. GROVES, J., CONCUR


N.B. Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.